UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIFUSION 11700,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMERCIALIZADORA VNA, S.A. DE C.V.,<br><br>　　　　Defendant. | Case No. 25-cv-06215-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 17 |

Before the Court is Defendant Comercializadora VNA, S.A. DE C.V.'s motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for January 22, 2026, is **VACATED**. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion, for the following reasons.

## BACKGROUND

Plaintiff Difusion 11700 ("Difusion") filed suit against Comercializadora VNA, S.A. DE C.V. ("Comercializadora") on July 23, 2025. *See* Complaint, Dkt. No. 1 ("Compl."). The complaint brings one cause of action for declaratory judgment and asks the Court to declare that Difusion has priority rights to the "DESPECHO" mark in the United States. *Id.* ¶¶ 63, 74(a). Difusion is a Mexican corporation, which owns multiple bars and restaurants throughout Mexico named Despecho. *Id.* ¶ 4, 15. Comercializadora is a Mexican corporation, which develops and licenses hospitality businesses, including "Sala de Despecho," a nightlife venue. *Id.* ¶ 36; Opposition (Dkt. No. 17) at 9. Comercializadora does not own or operate establishments, facilities, or entities in the United States. Dkt. No 17 at 9. Comercializadora's connection to the United States is limited to licensing arrangements with independent third parties, including Blitz

1  Development International LLC ("Blitz"), a Florida company that operates a Sala de Despecho-
2  branded experience in Miami.  *Id.*
3     On September 26, 2025, Comercializadora filed its motion to dismiss, arguing that
4  (1) Difusion failed to properly serve Comercializadora, (2) the Court lacks personal jurisdiction
5  over Comercializadora, (3) venue is improper, (4) the issues presented fall within the primary
6  jurisdiction of the Trademark Trial and Appeal Board, and (5) Difusion failed to state a claim
7  under Federal Rule of Civil Procedure 12(b)(6).  The Court only examines the improper service
8  argument below, as it is dispositive.

## LEGAL STANDARD

Dismissal of a case is proper when there is insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(5); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *Saye v. Rubin*, 225 F.3d 663 (9th Cir. 2000) (affirming dismissal for failure to properly serve defendants pursuant to Fed. R. Civ. P. 12(b)(5)).  "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."  *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Federal] Rule [of Civil Procedure] 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  A district court has broad discretion to dismiss an action for failure to effect service.  *Jones v. Automobile Club of Southern California*, 26 Fed. App'x. 740, 742 (9th Cir. 2002).

## DISCUSSION

Difusion avers that it properly served Comercializadora pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), which provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Dkt. No. 20 at 2.  Difusion filed a proof of service certifying that documents related to this case were left with Juan Losa.  Dkt. No. 14.  Difusion advances that it "properly served Defendant through its U.S. presence at a

1  SALA DE DESPECHO-branded venue operated by licensee Blitz Development International LLC in Miami.  Rule 4(h)(1)(B) permits service on a managing or general agent, and the manager at the Miami venue fits that description."  Dkt. No. 20 at 2.

But Juan Losa "was not an officer, director, managing or general agent, or otherwise authorized to accept service on behalf of Comercializadora."  Dkt. No. 17 at 12; *see* Agent Declaration (Dkt. No. 17-1) ¶¶ 15-16.  In fact, Comercializadora's agent declared that the company "has no record of employing, contracting with, or otherwise retaining any individual named 'Juan Losa'" and "has no employees, officers, directors, or authorized representatives working at" the Miami address where service was attempted.  Dkt. No. 17-1 ¶¶ 15-16.  *Id.*  In response, Difusion fails to provide any countervailing evidence to support the proposition that Losa was authorized to receive service.  *See generally* Dkt. No. 20.  Difusion has therefore failed to carry its burden of establishing that it properly served Comercializadora.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Comercializadora's motion and dismisses this action without prejudice.  In light of this ruling, the Court **TERMINATES** the parties first discovery letter brief, Dkt. No. 30, as moot.  Further, the Court **DENIES** Comercializadora's request for judicial notice, Dkt. No. 23, as moot because the Court did not consider its contents in reaching its ruling.

The Court directs the Clerk of Court to close this case.

**IT IS SO ORDERED.**

Dated: January 14, 2026

_____
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**